*Sophia Drucker v. Home City (Vil.).

1. Conveyance of Lands Dedicated as Street Thirty Years before Village Incorporated Revokes Dedication.

   No dedication of a village street can take place before the incorporation of the village. Hence, when an attempt is made to dedicate property for a street, but before the creation of the village the dedication conveys the property to another by deed in the usual form, such conveyance amounts to a revocation of the dedication.

2. Title by Adverse Possession Sustained by Probabilities.

   Title by adverse possession as against a municipal corporation, obtains where the probabilities as to the situation bear out the positive testimony of the plaintiff asserting such possession.

---

*Affirmed, no op., *Home City (Vil.)* v. *Drucker,* 81 Ohio St. 507.

### Drucker v. Home City (Vil.).

APPEAL from Hamilton common pleas court.

The plaintiff brings suit to quiet title to a strip of land claimed by the defendant village as a street. The village contends that certain streets within the territory of which a part of the village is now formed were dedicated by the owner of the lands in 1849, some thirty years before the incorporation of the village of Home City. The plaintiff built a fence across one of these streets and for many years used the space fenced in for garden purposes.

**Albert Bettinger,** for plaintiff:

Cited and commented upon the following authorities: *Winslow* v. *Cincinnati,* 9 Dec. 89 (6 N. P. 47); *Fulton (Vil.)* v. *Mehrenfeld,* 8 Ohio St. 440; 9 Am. & Eng. Enc. 78; *Lockland (Vil.)* v. *Smiley,* 26 Ohio St. 94; *Burback* v. *Schweinler,* 56 Wis. 386 [14 N. W. Rep. 449]; *Barclay* v. *Howell,* 31 U. S. (6 Pet.) 498 [8 L. Ed. 477]; *Masterson* v. *Munro,* 105 Cal. 431 [38 Pac. Rep. 1106; 45 Am. St. Rep. 57]; *Rutherford* v. *Tracy,* 48 Mo. 325 [8 Am. Rep. 104]; *Wisby* v. *Bonte,* 19 Ohio St. 238; *Armstrong* v. *St. Marys (Vil.),* 11 Circ. Dec. 453 (21 R. 16); *Kelly Nail & Iron Co.* v. *Furnace-Co.* 46 Ohio St. 544 [22 N. E. Rep. 639; 5 L. R. A. 652]; *Fox* v. *Hart,* 11 Ohio 414; *Mott* v. *Toledo,* 7 Circ. Dec. 216 (17 R. 472), affirmed, *Toledo* v. *Mott,* 60 Ohio St. 601; *Seese* v. *Maumee (Vil.),* 28 O. C. C. 768 (7 N. S. 497); *Ellicott* v. *Pearl,* 35 U. S. (10 Pet.) 412 [9 L. Ed. 475]; *Humphries* v. *Huffman,* 33 Ohio St. 395; *Ewing* v. *Burnet,* 36 U. S. (11 Pet.) 41 [9 L. Ed. 624]; *Booth* v. *Small,* 25 Iowa 177; *Brooks* v. *Bruyn,* 24 Ill. 372; *Johnson* v. *Thomas,* 23 App. D. C. 141; *McCreery* v. *Everding,* 44 Cal. 246; *Bartholomew* v. *Edwards,* 1 Houst. (Del.) 17; *Dickenson* v. *Bales,* 59 Kans. 224 [52 Pac. Rep. 447]; *Butler* v. *Drake,* 62 Minn. 229 [64 N. W. Rep. 559]; *Henry* v. *Henry,* 122 Mich. 6 [80 N. W. Rep. 800]; *Murray* v. *Hudson,* 65 Mich. 670 [32 N. W. Rep. 889]; *Twohig* v. *Leamer,* 48 Neb. 247 [67 N. W. Rep. 152]; *Illinois Steel Co.* v. *Bilot,* 109 Wis. 418 [84 N. W. Rep. 855; 85 N. W. Rep. 402; 83 Am. St. Rep. 905]; *Lantry* v. *Parker,* 37 Neb. 353 [85 N. W. Rep. 962].

**J. B. Matson** and **Sayler & Sayler,** for defendant:

Cited and commented upon the following authorities: *Lockland (Vil.)* v. *Smiley,* 26 Ohio St. 94; *Walworth* v. *Collinwood,* 4 Circ. Dec. 503 (8 R. 477); *Fulton (Vil.)* v. *Mehrenfeld,* 8 Ohio St. 440; *Cincinnati* v. *White,* 31 U. S. (6 Pet.) 431 [8 L. Ed. 452]; *Louisville & N. Ry.* v. *Cincinnati,* 76 Ohio St. 481 [81 N. E. Rep. 983]; *Rowan* v. *Portland,* 47 Ky. (8 B. Mon.) 232; *Wickliffe* v. *Lexington,* 50 Ky. (11 B. Mon.)

155; *Alves* v. *Henderson*, 55 Ky. (16 B. Mon.) 131; *Burback* v. *Schwein-ler*, 56 Wis. 386 [14 N. W. Rep. 449]; *Barclay* v. *Howell*, 31 U. S. (6 Pet.) 498 [8 L. Ed. 477]; *Rutherford* v. *Tracy*, 48 Mo. 325 [8 Am. Rep. 104]; *Masterson* v. *Munro*, 105 Cal. 431 [38 Pac. Rep. 1106; 45 Am. St. Rep. 57]; *Grogan* v. *Hayward*, 4 Fed. Rep. 161; *Parker* v. *St. Paul*, 47 Minn. 317 [50 N. W. Rep. 247]; *State* v. *Leaver*, 62 Wis. 387 [22 N. W. Rep. 576]; *Bartlett* v. *Bangor*, 67 Me. 460; *Shea* v. *Ottumwa*, 67 Iowa 39 [24 N. W. Rep. 582]; *Lake View* v. *LeBahn*, 120 Ill. 92 [9 N. E. Rep. 269]; *Reilly* v. *Racine (City)*, 51 Wis. 526 [8 N. W. Rep. 417]; *Sullivan* v. *Columbus*, 12 Dec. 651; *Derby* v. *Alling*, 40 Conn. 410; *Henshaw* v. *Hunting*, 67 Mass. (1 Gray) 203; *Giffen* v. *Olathe (City)*, 44 Kan. 342 [24 Pac. Rep. 470]; *Meier* v. *Railway*, 16 Ore. 500 [19 Pac. Rep. 610; 1 L. R. A. 856]; *Oswald* v. *Grenet*, 22 Tex. 94; *Mott* v. *Toledo*, 7 Circ. Dec. 216 (17 R. 472), affirmed, *Toledo* v. *Mott*, 60 Ohio St. 601; *Seese* v. *Maumee (Vil.)*, 28 O. C. C. 768 (7 N. S. 497); *Hildreth* v. *Googins*, 91 Me. 227 [39 Atl. Rep. 550].

## SWING, J.

We are of the opinion that the plaintiff is entitled to the relief sought on two grounds:

1. She has title to the premises through deeds from the Cincinnati Building Association. The dedication of the building association could not have taken effect before the creation of the village of Home City in 1879. There was no grantee in existence to take, and of course there could have been no acceptance until after the creation of the village. Long before this, to wit, in 1860, the building association deeded away this property, and therefore under the decision in the case of *Lockland* v. *Smiley*, 26 Ohio St. 94, the conveyance operated as a revocation as to the property conveyed.

2. She is entitled to recover as owner by reason of adverse possession for more than twenty-one years under a claim of right. Title by adverse possession in Ohio is as good against a corporation as against an individual, the only difference being in the character of the proof required. *Mott* v. *Toledo*, 7 Circ. Dec. 216 (17 R. 472), affirmed, without opinion, *Toledo* v. *Mott*, 60 Ohio St. 601.

The evidence here was conflicting, as it generally is when witnesses are testifying to facts which existed twenty years before. All the witnesses seemed to be honest and fair and disinterested, but we feel bound to think that the witnesses for the plaintiff had the best opportunity to observe the conditions that existed there, especially the Crosses, and not only this but it would seem very unreasonable that Drucker should have

Drucker v. Home City (Vil.).

maintained a fence around only a portion of her garden at the point where she did. It would seem that a fence was necessary to protect her garden, which she planted yearly on the ground in question. Without a fence she could not hope to raise a crop, and all the witnesses agree that she raised crops yearly on this property, and there was no evidence that any of her crops were ever injured by animals or otherwise.

We feel therefore that the probabilities as to the situation bear out the positive evidence of the plaintiff.

Decree accordingly.

**Giffen** and **Smith, JJ.,** concur.